**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

---------------------------------------------------------

SHAUN MOORE, *individually, and on*
*behalf of all others similarly situated,*                          :

                                                                                  :

               Plaintiff,                     :

                                                                                  :     Civil Action No.: _____

           v.                                        :

                                                                                  :     **JURY TRIAL DEMANDED**

CEDARS MEDITERRANEAN                            :
FOODS, INC.                                                      :

                                                                                  :

            Defendant.                   :

---------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, SHAUN MOORE (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, BROWN, LLC and STEFFANS LEGAL, PLLC, hereby brings this Collective and Class Action Complaint against Defendant CEDARS MEDITERRANEAN FOODS, INC. (hereinafter referred to as "Defendant"), and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b), individually and on behalf of all other similarly situated persons employed by Defendant arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2.      Additionally, Plaintiff brings this action under Federal Rule of Civil Procedure 23, on behalf of himself, individually, and all similarly situated employees of Defendant who work or worked in Missouri, to recover unpaid wages, overtime wages, plus interest, liquidated damages

and related penalties, and attorneys' fees and costs under Missouri Wage and Hour Law ("MWHL"), RSMo. § 290.500, *et seq*.

3.      Defendant maintained a common policy of misclassifying its "last-mile" delivery drivers (hereinafter referred to as "Delivery Drivers") as independent contractors, thereby failing to pay them at time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C. § 207(a)(1).

4.      Plaintiff seeks unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest pursuant to the FLSA on behalf of himself and the FLSA Collective, defined as "*all current and former Delivery Drivers who worked for Defendant in any place covered by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., including, but not limited to, the United States, Puerto Rico, the Virgin Islands, American Samoa, and Guam, at any time within the three (3) years preceding the filing of this action and the date of judgment ("FLSA Collective")*." *See* 29 U.S.C. §§ 207(a)(1); 216(b).

5.      Plaintiff seeks unpaid wages, overtime wages, liquidated damages, attorneys' fees, costs, interest, and related penalties pursuant to the MWHL on behalf of himself and the Rule 23 Missouri Class, defined as "*all current and former Delivery Drivers who worked for Defendant in Missouri at any time within the two (2) years preceding the commencement of this action and the date of judgment ("Rule 23 Missouri Class")*."

6.      Plaintiff seeks judgment against Defendant for actual and liquidated damages on behalf of himself and the putative FLSA Collective, plus costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, a federal statute.

8.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

9.      This Court has supplemental jurisdiction over the Missouri claims pursuant to 28 U.S.C. §1367 because they are part of the same case and controversy as Plaintiff's federal claims.

10.     This Court may properly maintain personal jurisdiction over Defendant because Defendant resides in this state and because Plaintiff's claims arise from Defendant's contacts with this state.

11.     Venue is proper in this District and in the Eastern Division of this District pursuant to 28 U.S.C. § 1391 (c) and (d) and LR 40.1(c) because the Defendant is subject to personal jurisdiction in this District and because Defendant resides in the Eastern Division.

## PARTIES

12.     Plaintiff Shaun Moore is an adult resident of Florissant, Missouri.

13.     Defendant employed Plaintiff in the position of Delivery Driver from approximately June 2020 to on or about May 12, 2023.

14.     Pursuant to 29 U.S.C. § 216(b), Plaintiff has signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

15.     Defendant Cedars Mediterranean Foods, Inc. maintains a principal business office located at 50 Foundation Avenue, Ward Hill Industrial Park, Haverhill, MA 01835.

## FACTUAL ALLEGATIONS

16.     The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

17.     Defendant's gross annual sales has been in excess of $500,000 at all relevant times.

18.    At all times relevant, Defendant was an enterprise engaged in interstate commerce.

19.    At all relevant times, Defendant employed individuals who directly engaged in interstate commerce or have worked with products that have moved in or were produced for interstate commerce.

20.    By way of example, Delivery Drivers handle food products that travel in and are produced for interstate commerce.

21.    Additionally, Defendant has had two (2) or more employees handling, selling, or otherwise working with or on goods or materials that have been moved in or produced for interstate commerce.

22.    Defendant has engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

23.    Defendant provides food products and food distribution services.

24.    Delivery Drivers' primary job responsibilities include, *inter alia*, stocking Defendant's warehouse, pulling product from Defendant's warehouse to be delivered to Defendant's customers, delivering/distributing orders by traveling to customer stores located in Missouri and Illinois, and stocking Defendant's customers' shelves with Defendant's products.

25.    Delivery Drivers provide the aforementioned services on a schedule determined by Defendant, who instructs Delivery Drivers where and when to report to work and where and when to make deliveries.

26.    Defendant maintains similar control over the manner by which Delivery Drivers perform their duties, in that Defendant is responsible for assigning customers and work to Delivery Drivers and determining the schedule, routes, and length of work.

27.     Delivery Drivers are required to perform the aforementioned work in accordance with certain specific guidelines and protocols provided by Defendant.

28.     Delivery Drivers are provided the tools necessary to perform their job duties from Defendant including, *inter alia*, warehousing, vehicles, vehicle insurance, gas cards, uniforms, business cards including an employee's name and Defendant's information, hand-trucks, pallet-jacks, and forklifts.

29.     Defendant's Delivery Drivers routinely worked over forty (40) hours per week.

30.     Defendant maintained a common policy of failing to pay Delivery Drivers at time-and-a-half of their regular rate for hours worked in excess of forty (40) in a workweek, in violation of the FLSA's overtime provisions. *See* 29 U.S.C. § 207(a)(1).

31.     Defendant paid its Delivery Drivers a flat rate of $900 per week.

32.     Defendant classified its Delivery Drivers as independent contractors.

33.     Defendant misclassified its Delivery Drivers as independent contractors.

34.     The IRS concluded that the Delivery Drivers should in fact be employees.

35.     Specifically, on July 6, 2023, the IRS notified Plaintiff via letter advising that the IRS concluded Plaintiff performed services for Defendant as an employee for the period of 2020 to 2023.

36.     Plaintiff routinely worked over forty (40) hour per week.

37.     However, Plaintiff did not receive any premium for overtime compensation for the hours worked in excess of forty (40) per week.

38.     From approximately June 2020 to on or about May 12, 2023, Plaintiff was not paid overtime compensation at a rate of 1.5 times his regular rate of pay for hours worked in excess of forty (40) in a workweek.

39.    Defendant's Delivery Drivers were entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

40.    Defendant failed to pay Delivery Drivers overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

41.    Defendant knew and/or recklessly disregarded that its Delivery Drivers were entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

42.    Defendant knew and/or recklessly disregarded that its Delivery Drivers were not receiving overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

43.    Defendant willfully violated the FLSA.

44.    Defendant's wrongful acts and/or omissions, as alleged herein, have not been exercised in good faith.

45.    Defendant's wrongful acts and/or omissions, as alleged herein, have not been exercised in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such department or bureau.

## FLSA COLLECTIVE ALLEGATIONS

46.    The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

47.    This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties,

attorneys' fees, interest, costs, and all other damages owed to Plaintiff and all similarly situated

current and former Delivery Drivers of Defendant.

48.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually

and on behalf of a putative FLSA Collective defined as:

> *All current and former Delivery Drivers who worked for Defendant in any place covered by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., including, but not limited to, the United States, Puerto Rico, the Virgin Islands, American Samoa, and Guam, at any time within the three (3) years preceding the filing of this action and the date of judgment ("FLSA Collective").*

49.     Plaintiff reserves the right to amend this definition as necessary.

50.     With respect to the claims set forth in this action, a collective action under the FLSA

is appropriate because the putative members of the FLSA Collective are "similarly situated" to

Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been employed or are employed in the

same or similar positions; (b) they were or are subject to the same or similar unlawful practices,

policies, or plans; and (c) their claims are based upon the same factual and legal theories.

51.     The employment relationships between Defendant and every FLSA Collective

member is the same and differ only by name, location, and rate of pay. The key issue – whether

Defendant failed to pay Delivery Drivers overtime compensation due to Defendant's systemic

misclassification as independent contractors – do not vary substantially among the FLSA

Collective members.

52.     Plaintiff estimates the FLSA Collective, including both current and former

employees over the relevant period, will include over twenty-five (25) members. The precise

number of the FLSA Collective members should be readily available from a review of Defendant's

personnel and payroll records.

53.     Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

54.     The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

55.     Plaintiff brings this action individually, and on behalf of the following class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> *All current and former Delivery Drivers who worked for Defendant in Missouri at any time within the two (2) years preceding the commencement of this action and the date of judgment ("Rule 23 Missouri Class").*

56.     The members of the Rule 23 Missouri Class are so numerous that joinder of all members is impractical. The Rule 23 Missouri Class members may be informed of the pendency of this action by direct mail, e-mail, and text message.

57.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Rule 23 Missouri Class, including, but not limited to:

A.     Whether Rule 23 Missouri Class members were misclassified as independent contractors;

B.     Whether Rule 23 Missouri Class members work more than forty (40) hours during a workweek; and

C.     Whether Rule 23 Missouri Class members are owed overtime compensation for hours worked over forty (40) in a workweek and, if so, the appropriate amount thereof.

8

58.     Plaintiff's claims are typical of the claims of the Rule 23 Missouri Class members. Plaintiff is a former employee of Defendant and was employed as a Delivery Driver who has suffered similar injuries as those suffered by the Rule 23 Missouri Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the MWHL has impacted the Rule 23 Missouri Class in the exact same way.

59.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Missouri Class. Plaintiff is similarly situated to the Rule 23 Missouri Class and has no conflict with the Rule 23 Missouri Class members.

60.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

61.     Pursuant to Rule 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by individual members of the Rule 23 Missouri Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Rule 23 Missouri Class that would establish incompatible standards of conduct;

B.     Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the MWHL has acted or refused to act on grounds generally applicable to the Rule 23 Missouri Class, thereby making equitable relief appropriate with respect to the Rule 23 Missouri Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Rule 23 Missouri Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the case,

especially with respect to consideration of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

62.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. The Rule 23 Missouri Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were to be brought individually.

63.     Additionally, because the damages suffered by each Rule 23 Missouri Class member may be relatively small, the expense and burden of individual litigation would make it impractical for the Rule 23 Missouri Class members to bring individual claims. Also, the presentation of separate actions by individual Rule 23 Missouri Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Rule 23 Missouri Class to protect his or her interests.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
<u>**FAILURE TO PAY OVERTIME COMPENSATION**</u>
***(Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))***

64.     The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

65.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

66.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours in a workweek.

67.     Plaintiff and the FLSA Collective members regularly worked over forty (40) hours per workweek.

68.     Plaintiff and the FLSA Collective members did not receive any form of premium overtime compensation for the hours worked in excess of forty (40) in a workweek.

69.     Plaintiff and the FLSA Collective members were not covered by the "motor carrier" exemption to the FLSA because they worked as drivers, driver's helpers, loaders or mechanics affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce.

70.     Defendant knew or acted with reckless disregard as to whether putative FLSA Collective members' were entitled to overtime compensation for hours worked in excess of forty (40) in a workweek, and Defendant was on notice of the FLSA's requirements at all relevant times.

71.     Accordingly, Defendant's conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendant willfully violated the FLSA, a three-year statute of limitations applies to such violations.

**COUNT II**
**MISSOURI WAGE AND HOUR LAW**
**RSMo. § 290.500, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**
(***Brought on an Individual and Rule 23 Class Basis***)

72.     The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

73.     At all times relevant, Plaintiff and Rule 23 Missouri Class members have/has been entitled to the rights, protections, and benefits provided under the MWHL.

74.     The MWHL regulates, among other things, the payment of overtime wages by employers.

75.     During all times relevant, Defendant was the "employer" of Plaintiff and Rule 23 Missouri Class members within the meaning of the MWHL.

76.     During all times relevant to this action, Plaintiff and Rule 23 Missouri Class members are/were Defendant's "employee(s)" within the meaning of the MWHL.

77.     Pursuant to the MWHL, employees are entitled to be compensated at a rate of not less than 1.5 times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek. RSMo. § 290.505.1.

78.     Defendant, pursuant to its policy and practice, violated the MWHL by refusing and failing to pay Plaintiff and the Rule 23 Missouri Class members overtime wages required under Missouri law. RSMo. § 290.505.1.

79.     In the course of perpetrating these unlawful practices, Defendant has also failed to keep records of the hours worked each day and each workweek by its employees as required under the MWHL. RSMo. § 290.520.

80.     Plaintiff and Rule 23 Missouri Class members are entitled to compensatory damages, in the form of unpaid overtime, in addition to liquidated damages. RSMo. § 290.527.

81.     Plaintiff and Rule 23 Missouri Class members are entitled to an award of pre- and post-judgment interest at the applicable legal rate.

82.     Defendant is further liable pursuant to RSMo. § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective and Rule 23 Missouri Class members, respectfully requests that this Court grant the following relief against Defendant:

A.      Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

B.      Certifying this case as a class action for the Rule 23 Missouri Class pursuant to Rule 23(b)(2) and (b)(3) with respect to the MWHL claims set forth herein (Count II);

C.      Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Missouri Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the collective members of their rights by law to join and participate in this lawsuit;

D.      Designating Plaintiff as the representative of the FLSA Collective and Rule 23 Missouri Class, and undersigned counsel as Class and Collective counsel for the same;

E.      Finding that Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

F.      Finding that Defendant violated the MWHL as alleged herein and that said violations were intentional, willful, oppressive, fraudulent and malicious;

G.      Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount of compensatory damages and liquidated damages available by law;

H.       Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the Rule 23 Missouri Class the full amount of compensatory damages and liquidated damages available by law;

I.        Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

J.        Granting an incentive award for Plaintiff for serving as representative of the FLSA Collective and Rule 23 Missouri Class in this action;

K.       Awarding pre- and post-judgment interest to Plaintiff and the FLSA Collective members on these damages; and

L.        Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff Shaun Moore, individually and on behalf of all other FLSA Collective members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

*[Signature Page Follows]*

Dated: December 15, 2023

*/s/ Benjamin K. Steffans*
Benjamin Knox Steffans (BBO# 568535)
Steffans Legal PLLC
10 Wendell Ave. Ext. Suite 208
Pittsfield, MA 01201
T: (413) 418-4176
bsteffans@steffanslegal.com

*Local Counsel for Plaintiff*


Edmund C. Celiesius (to seek *pro hac vice*)
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
ed.celiesius@jtblawgroup.com

*Lead Counsel for Plaintiff*